*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

JUN 2 3 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 09-90802-E-7 |
| | ) | |
| MANUEL L. MONIZ, III and | ) | |
| TAMMI S. MONIZ, | ) | |
| | ) | |
| Debtor(s). | ) | |
| ——————————————————— | ) | |
| | ) | |
| VAN DE POL ENTERPRISES, INC., | ) | Adv. Pro. No. 09-9056 |
| | ) | Docket Control No. SAC-1 |
| Plaintiff(s), | ) | |
| v. | ) | |
| | ) | |
| MANUEL L. MONIZ, III and | ) | |
| TAMMI S. MONIZ, | ) | |
| | ) | |
| Defendant(s). | ) | |
| ——————————————————— | ) | |

**This memorandum decision is not approved for publication and may
not be cited except when relevant under the doctrine of law of the
case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM DECISION AND ORDER**

The court has been presented with this Motion for
Reconsideration or Clarification of the court's ruling in this
adversary proceeding. The trial in this Adversary Proceeding was
conducted on February 9, 2011, with the court announcing its ruling
on the record on February 16, 2011.  Prior to the court issuing its
ruling, Van De Pol Enterprises, Inc. ("Plaintiff") sought to amend
the Complaint to conform to the evidence at trial.   The court

reserved the issue of amending the Complaint and required that it be presented by separate post-trial motion to afford all parties the opportunity to properly brief the matter.  The court delayed the entry of the judgment until the ruling on the motion to amend was issued.  With respect to the trial, the court issued Supplemental Findings of Fact and Conclusions of Law  in support of its ruling.  The Supplemental Findings of Fact and Conclusions were entered on March 9, 2011, Dckt 78, to provide a clear record for the parties.  Those Findings and Conclusions supplement those as stated on the record and do not supercede the findings of the court at the time of trial.

In addition to responding to the motion to amend, Manuel Moniz and Tammi Moniz ("the Defendant-Debtors") filed the present motion requesting that the court modify its findings and hold that the Defendant-Debtors are liable for only $212,149, or alternatively clarifying its ruling.  As set forth in the Trial Transcript, the court computed the monies that the Defendant-Debtors received from Moniz, Inc. which are the basis for determining the amount of the nondischargeable judgment to be $352,887.25.[1]  Exhibit A, Trial Transcript, pg. 142:20-21, Dckt. 95.  Plaintiff responds that upon further review of Exhibit 19, it computed the checks received by the Defendant-Debtors of monies from Moniz, Inc. to total $351,627.25.  Plaintiff further argues that the amount should be higher and the court modify its prior ruling and determine that

---

[1] It appears that the court transposed the digits when discussing the amount of the monies diverted by the Defendant-Debtors, during the hearing, saying on several occasions "$325,887.25."  The court provides a detailed analysis in this ruling of the computation of the amount of monies diverted from and after July 30, 2008 from Moniz, Inc. to the Defendant-Debtors and computation of the $352,887.25 amount.

2

Moniz, Inc. was insolvent prior to July 30, 2008. The court did not find persuasive Plaintiff's contention that an insolvency existed prior to the July 30, 2008 date at trial and shall not reconsider that determination in connection with this motion.

The Defendant-Debtors request the court to re-review the evidence submitted in determining the amount of trust assets disbursed to the Defendant-Debtors which the court determined to be the amount of the non-dischargeble judgment. These are the disbursements from and after July 30, 2008, the date of insolvency.

PLAINTIFF'S COMPUTATION OF DAMAGES

The evidence submitted by the Plaintiff, Exhibits 13 and 14, are copies of the books and records of Moniz, Inc. showing the disbursements made to the Defendant-Debtors. Exhibits 15 and 16 are copies of Moniz, Inc. bank statements. Exhibit 19 is a chart prepared by Plaintiff for all disbursements from Moniz, Inc. to the Defendant-Debtors from and after October 9, 2007. These disbursements total $607,622.83. However, since the nondischargeable judgement is limited to the amount of trust assets transferred from the date of insolvency, July 30, 2008, the Plaintiff's computed amount is excessive.

To adjust for the disbursements which pre-date the July 30, 2008 insolvency, the court must reduce the $607,622.83 total amount computed by the Plaintiff on Exhibit 19 for the pre-July 30, 2008 transaction payments. The payments to be excluded are set forth in the following chart.

///
///
///

3

**Pre-July 30, 2008 Payments to be Excluded
From Plaintiff's Exhibit 19
Pages 1, 2 and 3**

| Date of Payment | Moniz, Inc. Check No. | Amount of Payment |
|---|---|---|
| 12/7/07 | Ck 18540 | $ 15,000.00 |
| 10/9/07 | Ck 18391 | $ 1,260.00 |
| 10/10/07 | Ck 18403 | $ 3,000.00 |
| 10/15/07 | Ck 18405 | $ 3,000.00 |
| 11/6/07 | Ck 18459 | $ 5,000.00 |
| 11/7/07 | Ck 18462 | $ 15,319.88 |
| 11/14/07 | Ck 18489 | $ 5,000.00 |
| 11/15/07 | Ck 18491 | $ 1,260.00 |
| 12/7/07 | Ck 18540 | $ 15,000.00 |
| 12/7/07 | Ck 18545 | $ 1,248.60 |
| 12/10/07 | Ck 18559 | $ 5,000.00 |
| 12/14/07 | Ck 18564 | $ 5,000.00 |
| 12/14/07 | Ck 18565 | $ 1,248.60 |
| 1/7/08 | Ck 18570 | $ 5,000.00 |
| 1/7/08 | Ck 18571 | $ 1,248.60 |
| 1/10/08 | Ck 18579 | $ 5,000.00 |
| 2/5/08 | Ck 18722 | $ 1,248.60 |
| 2/5/08 | Ck 18723 | $ 5,000.00 |
| 2/12/08 | Ck 18734 | $ 5,000.00 |
| 2/22/08 | Ck 18762 | $ 5,000.00 |
| 3/16/08 | Ck 18793 | $ 1,260.00 |
| 3/13/08 | Ck 18848 | $ 5,000.00 |
| 3/13/08 | Ck 18849 | $ 5,000.00 |
| 4/14/08 | Ck 8900 | $ 100.00 |
| 4/15/08 | Ck 8928 | $ 1,260.00 |
| 4/15/08 | Ck 8929 | $ 5,000.00 |
| 4/15/08 | Ck 8933 | $ 5,000.00 |
| 5/13/08 | Ck 19015 | $ 25,000.00 |
| 5/13/08 | Ck 19016 | $ 25,000.00 |
| 5/13/08 | Ck 19017 | $ 5,000.00 |
| 5/14/08 | Ck 19030 | $ 5,000.00 |
| 5/14/08 | Ck 19031 | $ 5,000.00 |
| 5/14/08 | Ck 19032 | $ 1,260.00 |
| 7/9/08 | Ck 19202 | $ 1,260.00 |
| 7/20/08 | Ck 19268 | $ 3,300.00 |
| 7/20/08 | Ck 19269 | $ 3,300.00 |
| 7/20/08 | Ck 19270 | $ 3,300.00 |
| 7/20/08 | Ck 19271 | $ 3,300.00 |
| 7/20/08 | Ck 19272 | $ 3,300.00 |
| 7/20/08 | Ck 19273 | $ 3,300.00 |
| 7/20/08 | Ck 19274 | $ 3,300.00 |
| 7/20/08 | Ck 19275 | $ 3,300.00 |
| 7/28/11 | Ck 19280 | $ 2,224.05 |
| 7/28/11 | Ck 19281 | $ 838.05 |

4

| | | | |
|---|---|---|---|
| 7/28/11 | Ck 19282 | $ | 838.05 |
| 7/28/11 | Ck 19283 | $ | 838.05 |
| 7/7/08 | Ck 5001 | $ | 29,633.10 |
| | | | |
| | Total Pre 7/30/2000 Adjustment | $ | 254,745.58 |

Making this adjustment reduces the Plaintiff's nondischargeable claim based upon trust assets disbursed to the Defendant-Debtors to $352,877.25 ($607,622.83 - $254,745.58). The court's calculation of the trust assets diverted after July 30, 2008 announced at the time of trial was $352,887.25.

### DEFENDANT-DEBTORS' ASSERTED ERRORS IN COMPUTATION OF DAMAGES

The Defendant-Debtors assert that the court's computation contains two errors. First, Plaintiff's Exhibits 19 and 14 (Moniz, Inc. check register) identify a payment of $146,075.34 (check no. 19438) being made to Tammi Moniz on September 30, 2008. The Defendant-Debtors direct the court to re-review all of the copies of checks, and specifically check no. 19438 which is in the amount of $46,000.00. It is asserted that the court's calculation is $100,075.34 in error with respect to this payment made to Tammi Moniz.

The second asserted error is that no payment could have been made to Manuel Moniz in the amount of $140,000.00 for payroll on the Moniz, Inc. bank account because the bank records introduced into evidence do not show that there were sufficient funds in that account to pay that amount. The Defendant-Debtors assert that there was merely a journal entry in the Moniz, Inc. books and records and not an actual payment.

1    The court has carefully reviewed Exhibits 14, 15, and 19
2    submitted by Plaintiff, and the copies of the checks submitted by
3    the Defendant-Debtors as Exhibits H and I.  From this review, the
4    court has constructed a chart of payments as reflected on the books
5    and records of Moniz, Inc. and checks (some of which do not appear
6    in the books and records of Moniz, Inc.) evidencing disbursements
7    to the Defendant-Debtors.  Attached to this Ruling as Appendix A is
8    the chart identifying and cross referencing the Plaintiff's
9    evidence and the Defendant-Debtors' evidence.  The court has
10   confirmed that the dollar amounts identified on the Exhibit 19
11   summary of claim prepared by Plaintiff correspond to the evidence
12   submitted by Plaintiff.

13       There is a slight difference of $0.58 between the computation
14   using the Plaintiff's evidence and the Defendant-Debtors'
15   evidence.[2]  This difference arises from the difference between
16   check no. 19438 in the amount of $146,075.34 and checks nos. 19438,
17   19448,19449, 19453, 19454, and 10458 which total $146,074.76.

18   **$146,075.34 Payment to Tammi Moniz**

19       Though the Defendant-Debtors are correct that Check no. 19438
20   is for only $46,000.00, they ignore five (5) additional checks not
21   reflected in the books and records of Moniz, Inc. presented to the
22   court which were written to Tammi Moniz that total $100,074.76.
23   These are checks numbered 19448, 19449, 19453, 19454, and 19458.
24   No explanation is provided as to why these checks are not reflected

25   _____

26       [2]/ As discussed *infra*, the court has determined that based
27   on the evidence presented, the books and records of Moniz, Inc.
     accurately reflect that Manuel Moniz was paid the $140,000.00.
28   To account for this payment the court has included an entry on
     Appendix A for the difference between the amount of the over the
     counter check obtained by Manuel Moniz and the $140,000.00.

1  in the books and records.

2       When the additional checks are added to the Check no. 19438 in
3  the amount of $46,000.00, these disbursements to Tammi Moniz total
4  $146,074.76, which is almost exactly the same as the $146,075.34
5  for check no. 19438 shown in the books and records of Moniz, Inc.
6  The court does not believe this to be a mere coincidence, and the
7  evidence submitted by the Plaintiff and Defendant-Debtors are
8  consistent on this point.  No reduction should be made based on the
9  incorrect contention that Ms. Moniz only received $46,000.00 rather
10  than $146,075.34 merely because a portion of the disbursement was
11  made through several checks not reflected in the books and records
12  of Moniz, Inc. rather than one check.

13  **$140,000.00 Payment to Manuel Moniz**

14       The second issue is whether the court should disbelieve the
15  books and records of Moniz, Inc. concerning the reported payment of
16  $140,000.00 to Manuel Moniz.  Though a direct testimony statement
17  (required as part of any testimony to be provided by a non-hostile
18  witness for a party in an adversary proceeding, Local Bankruptcy
19  Rule 9017-1) was prepared, Mr. Moniz was never called as a witness,
20  never adopted his direct testimony statement, never presented any
21  testimony, and was not presented for cross-examination.   Though
22  afforded the opportunity, Mr. Moniz has not testified that he did
23  not receive the $140,000.00 payment or that the books and records
24  of his company, Moniz, Inc. are inaccurate.[3]

25  _____

26       [3]/ The Statement of Financial Affairs filed in the Moniz,
   Inc. case, no. 08-92125, states in response to Question no. 21
27  that Manuel Moniz is the President/CEO (and 75% shareholder) and
   Tammi Moniz is the Secretary (and 25% shareholder).  No other
28  officers, directors, or shareholders are listed for Moniz, Inc.
   Dckt. 31.  The Defendant-Debtors are the persons, based on the

7

1    The counter-evidence to the books and records of Moniz, Inc.

2 asserted by the Defendant-Debtors is,

3    a.    The Defendant-Debtors have not produced a cancelled check
           as part of their Exhibits H and I which corroborates what
4          is stated in the Moniz, Inc. books and records.

5    b.    The Moniz, Inc. records, Exhibit 14, page 1, Bates #72,
           lists a check no. 1 for the Oak Valley Community Bank and
6          no such check number exists.

7    c.    The Moniz, Inc. records, Exhibit 14, page 1, Bates #72
           shows that the account balance is $0.00 so no payment
8          could have been made to Mr. Moniz.

9    d.    The excerpts of the Oak Valley Bank records show no such
           payment was made to Manuel Moniz (without the Defendant-
10         Debtors directing the court to which records they are
           referring to for this contention).

11
     e.    Paragraph 28 of the Direct Testimony Statement of Tammi
12         Moniz confirmed no such payment occurred.

13    In addressing these contentions in reverse order, the Direct

14 Testimony Statement of Tammi Moniz does not confirm that no such

15 payment was made to Manuel Moniz.   Rather, paragraph 28 makes a

16 disclosure of two payments totaling $9,000.00 which Tammi Moniz and

17 Manuel Moniz took from the Moniz, Inc. bank account on October 3,

18 2008, as part of a strategy worked out with their attorney at that

19 time.   Tammi Moniz does not provide credible testimony that Manuel

20 Moniz did not receive the $140,000.00 payment.

21    Tammi Moniz's testimony of the payments received is further

22 compromised, and given little credibility by the court, based on

23 the evidence she has submitted in the form of checks documenting

24 payments she has received from Moniz, Inc.  and the court's

25 _____

26 evidence presented to the court, who logically could provide the
   court with testimony concerning inaccurate record keeping by
27 Moniz, Inc. concerning disbursements to these Defendant-Debtors.
   The court found no adequate evidence to conclude that the books
28 and records of Moniz, Inc. were false or incorrect in disclosing
   the $140,000.00 payment.

8

1   evaluation of her testimony at trial.   While attempting to contend
2   that the judgment amount should be reduced by $100,075.34 because
3   the check no. 19438 was only for $46,000.00, Tammi Moniz ignores
4   checks nos. 19448, 19449, 19453, 19454, and 19458 which are
5   submitted as part of Defendant-Debtors Exhibit H which total an
6   additional $100,074.76.   The evidence shows that the disbursements
7   were made over a series of checks, rather than the one check as
8   identified in the books and records of Moniz, Inc.

9       In reviewing Exhibit H submitted by the Defendant-Debtors, the
10  court identifies what is commonly called a counter check in the
11  amount of $110,616.01 drawn on the Oak Valley Bank account.
12  Exhibit H, pg. 26.   Manuel Moniz's name is written on the top of
13  the check.   This check does not have any "check number."   The check
14  is made payable to O.V.C.B. (which appears to be referencing Oak
15  Valley Community Bank.   This $110,616.01 disappears from the Moniz,
16  Inc. bank account on July 8, 2011, and does not otherwise appear in
17  the records presented to the court or accounted for by the
18  Defendant-Debtors.   This could well be a portion of the monies
19  subsequently used to make the $140,000.00 payment to Manuel Moniz.

20      The court finds the books and records of Moniz, Inc. to be
21  credible evidence of the $140,000.00 disbursed to Manuel Moniz.
22  The court finds unpersuasive the Defendant-Debtors' contention that
23  the books and records of Moniz, Inc. should be disbelieved because
24  the Plaintiff has failed to provide additional corroborating
25  evidence of the payment.   The Defendant-Debtors are the only
26  officers and directors of Moniz, Inc.   No credible testimony was
27  provided that the books and records of Moniz, Inc. were false or
28  erroneous on this point.   No credible evidence was presented as to

why a false or incorrect entry would be placed in the books and records of Moniz, Inc.  No credible testimony was presented by Manuel Moniz that he did not receive payment of the $140,000.00 from Moniz, Inc.

The court will not presume that the books and records of Moniz, Inc. are inaccurate or false, or that the Defendant-Debtors, as officers and directors, would have inaccurate or false information placed in the books and records.  The court will not conclude that the offices of Moniz, Inc. placed phantom or false payment information in the Moniz, Inc. books and records.  The court accepts the books and records of Moniz, Inc. as an accurate record of the transactions between Moniz, Inc., Manuel Moniz, and Tammi Moniz.  The request to exclude the $140,000.00 paid to Manual Moniz from the judgment is rejected by the court.

## Conclusion

Though both the Plaintiff and the Defendant-Debtors have eschewed any consideration of the law and how the court would properly consider their requests, the two most plausible grounds would be pursuant to either Fed. R. Bankr. P. 9023, New Trials, Amendment of Judgments, or 9024, Relief From Judgment or Order.  No judgment has been entered in this case.  To the extent that the Defendant-Debtors appear to be arguing a "mistake," it appears that the "mistake" is the Defendant-Debtors disagreement with the court determining that the Defendant-Debtors are liable for all of the trust monies taken from and after July 2008.  Relief under Rule 9023 is granted only if there has been a change in the law or facts or there is newly discovered evidence.  *In re Basham*, 208 B.R. 926 (9th Cir. BAP 1997), aff'd, 152 F.3d 924 (9th Cir. 2998).

1  Rule 9024, which incorporates Fed. R. Civ. P. 60, provides for
2  relief from a judgment on specific grounds.  No grounds are
3  identified, but the ones which conceivably apply would be (1)
4  mistake, inadvertence, surprise, or excusable neglect as set forth
5  in Rule 60(b)(1).  For judicial error, there must have been a
6  substantive mistake of law or fact in the final judgment or order.
7  *Cashner v. Freedom Stores*, 98 F.3d 572 (10th Cir. 1996).  No such
8  substantive mistake has been shown by Defendant-Debtors.

9  Based on the evidence submitted by both the Plaintiff and the
10 Defendant-Debtors, the court's determination that the Defendant-
11 Debtors are liable for $352,887.25 is correct.  In stating the
12 ruling on the record, the court stated that the amount of monies
13 transferred to the Defendant-Debtors from Moniz, Inc. after the
14 June 30, 2008 date of insolvency was $352,887.25.  Exhibit A,
15 Transcript of February 16, 2011 Trial, pg. 142:20-21.  It is clear
16 that all parties understood, and the record is clear, that the non-
17 dischargeable judgment is $352.887.25.  Exhibit A, Transcript of
18 February 16, 2011 Trial, pgs. 154:25, 155:1-3.

19 The court shall issue a separate order denying the motion to
20 reconsider and granting the motion to clarify that the correct
21 amount of the nondischargeable judgment is $352,887.25.

22 This Memorandum Opinion and Decision constitutes the court's
23 findings of fact and conclusions of law pursuant to Fed. R. Civ. P.
24 52 and Fed. R. Bankr. P. 9014 and 7052.

25 Dated: June 23 , 2011

26

27 RONALD H. SARGIS, Judge
   United States Bankruptcy Court

28

11

# APPENDIX A

### Chart of Payment to
### Manuel Moniz and Tammi Moniz

| Date | Method of Payment | Exhibit 19 Amount | Source Exhibit | Source Exhibit Moniz, Inc Check Detail | Moniz, Inc. Checks Defendant-Debtors Exhibit H | | |
|------|------|------|------|------|------|------|------|
| | | | Exhibit 19, Page 1 "Distributions to Manuel Moniz" | | Checks From Moniz, Inc to Mauel Moniz | | |
| | | | | | | | |
| 9/15/08 | Ck 19397 | $ 1,260.00 | Ex 14, Pg 26, Bates #231 | $ 1,260.00 | $ 1,260.00 | 9/15/08 | Ck 19397 |
| | | | | | | | |
| | | | Exhibit 19, Page 2 "Loan Pmts" | | | | |
| 8/20/08 | Ck 19326 | $ 3,300.00 | Ex 14, Pg 20, Bates #218 | $ 3,300.00 | $ 3,300.00 | 8/20/08 | Ck 19326 |
| 8/20/08 | Ck 19327 | $ 4,300.00 | Ex 14, Pg 20, Bates #218 | $ 4,300.00 | $ 4,300.00 | 8/20/08 | Ck 19327 |
| 8/20/08 | Ck 19328 | $ 4,300.00 | Ex 14, Pg 20, Bates #218 | $ 4,300.00 | $ 4,300.00 | 8/20/08 | Ck 19328 |
| 8/20/08 | Ck 19239 | $ 4,300.00 | Ex 14, Pg 20, Bates #218 | $ 4,300.00 | $ 4,300.00 | 8/20/08 | Ck 19329 |
| 9/1/08 | Ck 19345 | $ 4,300.00 | Ex 14, Pg 22, Bates #221 | $ 4,300.00 | $ 4,300.00 | 9/1/08 | Ck 19345 |
| 9/30/08 | Ck 19349 | $ 5,000.00 | Ex 14, Pg 29, Bates #241 | $ 5,000.00 | $ 5,000.00 | 9/30/08 | Ck 19439 |
| 9/30/08 | Ck 19440 | $ 4,000.00 | Ex 14, Pg 29, Bates #241 | $ 4,000.00 | $ 4,000.00 | 9/29/08 | Ck 19440 |
| | | | | | | | |
| | | | Exhibit 19, Page 3 "Checks to Tammi Moniz" | | Checks From Moniz, Inc to Tammi Moniz | | |
| 8/19/08 | Ck 19323 | $ 2,224.05 | Ex 14, Pg 19, Bates #217 | $ 2,224.05 | $ 2,224.05 | 8/18/08 | Ck 19323 |
| 8/19/08 | Ck 19325 | $ 2,224.05 | Ex 14, Pg 20, Bates #218 | $ 2,224.05 | $ 2,224.05 | 8/19/08 | Ck 19325 |
| 8/26/08 | Ck 19344 | $ 2,224.05 | Ex 14, Pg 21, Bates #220 | $ 2,224.05 | $ 2,224.05 | 8/26/08 | Ck 19344 |
| 9/2/08 | Ck 19352 | $ 2,224.05 | Ex 14, Pg 23, Bates #222 | $ 2,224.05 | $ 2,224.05 | 9/2/08 | Ck 19352 |
| 9/6/08 | Ck 19364 | $ 2,224.05 | Ex 14, Pg 24, Bates #225 | $ 2,224.05 | $ 2,224.05 | 9/6/08 | Ck 19364 |
| 9/6/08 | Ck 19365 | $ 2,224.05 | Ex 14, Pg 25, Bates #226 | $ 2,224.05 | $ 2,224.05 | 9/6/08 | Ck 19365 |
| | | | | | | | |
| 9/15/08 | Ck 19398 | $ 2,224.05 | Ex 14, Pg 26, Bates #231 | $ 2,224.05 | $ 2,224.05 | 9/15/08 | Ck 19398 |
| 9/23/08 | Ck 19419 | $ 2,224.05 | Ex 14, Pg 27, Bates #236 | $ 2,224.05 | $ 2,224.05 | 9/23/08 | Ck 19419 |
| 9/30/08 | Ck 19438 (Ck Nos 19438 and 19443 reversed on Ex 19) | $146,075.34 | Ex 14, Pg 28, Bates #240 | $ 146,075.34 | $ 46,000.00 | 9/30/08 | Ck 19438 |

| Date | Check | Amount | Exhibit | Amount | Amount | Date | Check |
|---|---|---|---|---|---|---|---|
| | | | | | $ 38,000.00 | 9/30/08 | Ck 19448 |
| | | | | | $ 15,000.00 | 9/30/08 | Ck 19449 |
| | | | | | $ 28,925.00 | 10/2/08 | Ck 19453 |
| | | | | | $ 15,000.00 | 10/2/08 | Ck 19454 |
| | | | | | $ 3,149.76 | 10/3/08 | Ck 19458 |
| 9/30/08 | Ck 19443 | $ 2,469.05 | Ex 14, Pg 30, Bates #242 | $ 2,469.05 | $ 2,469.05 | 9/30/08 | Ck 19443 |
| **Exhibit 19 Page 3 "My Limousine Account"** | | | | | **Check Drawn on My Limousine Account** | | |
| 10/4/08 | Ck 1001 | $ 6,550.00 | Ex 16, Pg 2, Bates #254 | $ 6,550.00 | $ 6,550.00 | 10/4/08 | Ck 1001 |
| 10/27/08 | Ck 1002 | $ 1,820.23 | Ex 16, Pg 4, Bates #256 | $ 1,820.23 | $ 1,820.23 | 10/27/08 | Ck 1002 |
| 10/27/08 | Ck 1003 | $ 1,820.23 | Ex 16, Pg 4, Bates #256 | $ 1,820.23 | $ 1,820.23 | 10/15/08 | Ck 1003 |
| 10/27/08 | Ck 1007 | $ 1,400.00 | Ex 16, Pg 4, Bates #256 | $ 1,400.00 | $ 1,400.00 | 10/23/08 | Ck 1007 |
| 10/27/08 | Ck 1008 | $ 1,400.00 | Ex 16, Pg 4, Bates #256 | $ 1,400.00 | $ 1,400.00 | 10/23/08 | Ck 1008 |
| 10/27/08 | Ck 1009 | $ 1,400.00 | Ex 16, Pg 4, Bates #256 | $ 1,400.00 | $ 1,400.00 | 10/23/08 | Ck 1009 |
| 10/27/08 | Ck 1017 | $ 1,400.00 | Ex 16, Pg 5, Bates #257 | $ 1,400.00 | $ 1,400.00 | 10/27/08 | Ck 1017 |
| **Exhibit 19, Pg 3, "Paycheck to Manuel Moniz"** | | | | | **Counter Check Drawn by Manuel Moniz** | | |
| 9/30/08 | Paycheck | $140,000.00 | Ex 14, Pg 1, Bates #72 | $ 140,000.00 | $110,616.01 | 7/16/08 | Counter Check Ex. H, Pg. 26 |
| | | | | | $ 29,383.99 | Unidentified Payment | |
| | | $352,887.25 | | $ 352,887.25 | $352,886.67 | | |

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

---

Kenneth Jorgensen
2440 W Shaw Ave #114
Fresno, CA 93711

Donald Stevenson
311 E Main St #302
Stockton, CA 95202-2904

Scott CoBen
1214 F St
Sacramento, CA 95814

Manuel Moniz
2128 Wimbledon Ct
Modesto, CA 95355

Tammi Moniz
2128 Wimbledon Ct
Modesto, CA 95355

Michael McGranahan
PO Box 5018
Modesto, CA 95352

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street , Room 7-500
Sacramento, CA 95814